Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| JUANA RODRÍGUEZ RODRÍGUEZ POR SÍ Y COMO MIEMBRO DE LA SUCESIÓN DE DON EDWIN MANUEL MARTÍNEZ TORRES Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>MARÍA DEL ROSARIO MARTÍNEZ TORRES COMO ALBACEA DE DON EDWIN MANUEL MARTÍNEZ TORRES<br><br>PETICIONARIA | TA2025CE00315 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Civil Núm.: CO2023CV00461<br><br>Sobre: REVOCACIÓN DE CARGO DE ALBACEA; LIQUIDACIÓN DE COMUNIDAD DE BIENES; PARTICIÓN Y ADJUDICACIÓN DE BIENES HEREDITARIOS; DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Comparece ante nos, María del Rosario Martínez Torres (en adelante, "la peticionaria"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 28 de junio de 2025 y notificada el 1 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Coamo. Mediante la referida determinación, el foro primario denegó la *"Solicitud de Sentencia Sumaria,"* presentada por la peticionaria, por incumplir con las disposiciones de la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. A su vez, razonó que la disputa sobre el albaceazgo ejercido por la peticionaria presenta hechos materiales en controversia. Todo, dentro de un pleito civil a tenor de nuestro Derecho de Sucesiones, incoado por Juana Rodríguez Rodríguez; Joan Michelle Martínez Rodríguez; Jessica Martínez Rodríguez; Edwin Correa; y Keishlained Concepción en representación de Sacheliz Nicoles Martínez Concepción, (en conjunto, en lo sucesivo, "los recurridos").

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del recurso de *certiorari* presentado por la peticionaria.

**I.**

La reclamación de epígrafe se compone de varias controversias relacionadas al caudal relicto del causante Edwin Manuel Martínez Torres. Siendo así, a continuación, nos limitaremos a reseñar el relato procesal atinente a la controversia sobre albaceazgo que hoy se nos solicita revisar.

La presente acción inició el 12 de octubre de 2023 con la presentación de la *"Demanda"* de epígrafe por los recurridos. A través de esta, los recurridos, como miembros de la Sucesión Martínez Torres, instaron varias causas de acción en contra de la peticionaria. En lo pertinente, solicitaron que se revoque el cargo de albacea testamentario que ocupa la peticionaria sobre los bienes hereditarios objeto de litigio. Sostuvieron, que la peticionaria incumplió con los deberes de su cargo al dejar de proveer información sobre sus funciones y al realizar acciones y omisiones que provocaron la pérdida de activos del caudal relicto. Particularizaron, que la peticionaria permitió la demolición de un bien inmueble del caudal hereditario lo que culminó en una pérdida económica de $50,000.00.

El 19 de enero de 2024, la peticionaria presentó *"Contestación a la Demanda, Defensas Afirmativas y Reconvención."* En lo atinente a la alegación responsiva, admitió que fue designada albacea testamentaria de la sucesión en cuestión. Sin embargo, negó las alegaciones relacionadas al incumplimiento de los deberes de su cargo. Sostuvo en la afirmativa, que había realizado legítimamente sus funciones y que los recurridos fueron quienes obraron en contra del caudal hereditario al ocultar bienes y obstaculizar el ejercicio de su albaceazgo. A su vez, defendió la pérdida del aducido bien inmueble al argüir que dicho bien fue afectado por los Huracanes Irma y María. En virtud de lo expuesto, solicitó en esencia que se declarara *No Ha Lugar* la *"Demanda."*

El foro primario bifurcó las controversias para atender en primera instancia el asunto del albaceazgo ejercido por la peticionaria.[1] Concluido el descubrimiento de prueba y celebrada la Conferencia con Antelación a Juicio, el 12 de mayo de 2025, el foro recurrido notificó una *"Minuta"* mediante la cual señaló la vista en su fondo para el día 18 de julio de 2025.

Así las cosas, el 3 de junio de 2025, la peticionaria presentó una *"Solicitud de Sentencia Sumaria."*[2] En esencia, solicitó la resolución sumaria de la disputa sobre la revocación del albaceazgo al amparo de la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. En consecuencia, peticionó que se desestimara la causa de acción entablada por los recurridos en contra del ejercicio de su cargo de albacea. En apoyo a su solicitud, reiteró que había dado fiel cumplimiento a sus deberes de albacea y que los recurridos incurrieron en actos para obstaculizar la realización de sus funciones.

En reacción, el 23 de junio de 2025, los recurridos presentaron *"Oposición a Moción de Sentencia Sumaria por Incumplimiento con la Regla 36.3 de las de Procedimiento Civil, Por Incluir Prueba No Descubierta y Por Falta de Prueba."*[3] En síntesis, argumentaron que la relación de hechos materiales incontrovertidos, según propuesta por la peticionaria, carece de estar organizada en párrafos numerados y no alude a declaraciones juradas u otra prueba admisible en la que se establezcan dichos hechos. Ante ello, sostuvieron que la *"Solicitud de Sentencia Sumaria"* debe ser rechaza de plano por incumplir con los preceptos normativos de la Regla 36.3, *supra.*

---

[1] Véase las minutas notificadas por el foro recurrido en las fechas de 28 de octubre de 2024 y de 10 de marzo de 2025. De otra parte, cabe señalar que el 1 de mayo de 2025, las partes presentaron en conjunto el *"Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio."* Surge de este, que ambas partes identificaron como mociones pendientes una solicitud de sentencia sumaria. A su vez, indicaron en la parte de "Asuntos en Controversia" lo siguiente: Si procede la bifurcación de las causas de acción en el caso; Si procede la revocación del cargo de albacea; Si la demandada ha cumplido con su cargo de conformidad a la ley; Si procede que se conceda una prórroga al cargo de albacea; En la alternativa si los eventos ocurridos en los años 2017 y 2020 constituyen justa causa; Si procede el legado a favor de la parte demandada.

[2] La peticionaria acompañó su petición con la siguiente prueba documental: "Juramento" suscrito por María del Rosario Martínez Torres; Comunicación escrita de fecha de 1 de mayo de 2017; Misiva del 19 de abril de 2017; Epístola del 17 de agosto de 2017; dos (2) documentos intitulados: "Certificación de Valor/Value Certificate," emitidos por el Centro de Recaudación de Ingresos Municipales (CRIM); Información de Finca del portal electrónico del CRIM.

[3] Los recurridos acompañaron su oposición con la siguiente prueba documental: "Declaración Jurada" suscrita por Juana Rodríguez Rodríguez; Carta del 17 de agosto de 2017; Misiva del 19 de abril de 2017.

De igual modo, esgrimieron que la peticionaria esbozó alegaciones infundadas y que pretende presentar prueba no anunciada en la Conferencia con Antelación a Juicio.

En atención de los escritos presentados, el 1 de julio de 2025, el foro recurrido notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, rechazó de plano la *"Solicitud de Sentencia Sumaria,"* presentada por la peticionaria por no cumplir con los preceptos normativos de la Regla 36.3, *supra.* A su vez, razonó que la disputa sobre el albaceazgo ejercido por la peticionaria presenta hechos materiales en controversia. Ante los fundamentos que anteceden, declaró la continuación de los procedimientos del caso.

Posteriormente, el 11 de julio de 2025, la peticionaria presentó *"Moción Solicitando Transferencia de Vista."* A través de esta, solicitó la transferencia de la vista pautada para el día 18 de julio de 2025. Entre las fechas propuestas para el nuevo señalamiento, sugirió el día 26 de agosto de 2025. Así pues, el 14 de julio de 2025, el foro primario señaló la vista en su fondo para el día 26 de agosto de 2025.

En desacuerdo, oportunamente el 16 de julio de 2025, la peticionaria presentó *"Moción de Reconsideración."* Al examinar los planteamientos expuestos en esta, el 18 de julio de 2025, el foro recurrido notificó una *"Resolución Reconsideración"* mediante la cual declaró *No Ha Lugar* la *"Moción de Reconsideración."*

Aun en desacuerdo, el 18 de agosto de 2025, la peticionaria recurrió ante nos a través de un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

> [E]rró el tribunal de primera instancia al denegar la solicitud de sentencia sumaria por un supuesto incumplimiento formal con la regla 36.3 de procedimiento civil, cuando la información fáctica esencial y no controvertida ya obraba en el expediente judicial y había sido estipulada por ambas partes.

> [E]rró el tribunal de primera instancia al concluir la existencia de controversias de hechos sustanciales que impedían la sentencia sumaria, cuando dichas "controversias" eran en realidad cuestiones de derecho, o hechos no materiales, o producto de la obstrucción y mala fe de la parte demandante.

> [E]rró el tribunal de primera instancia al no reconocer la aplicabilidad de la prórroga del albaceazgo por litigios y circunstancias excepcionales, así como la voluntad del testador como la ley suprema de la sucesión.
>
> [E]rró el tribunal de primera instancia al no aplicar la doctrina de manos sucias ("unclean hands") frente a la conducta de la parte demandante, quien obstaculizó la labor de la albacea y ocultó información.
>
> [E]rró el tribunal de primera instancia al no distinguir la situación de la albacea de los supuestos estrictos del artículo 822 del código civil de 1930, lo que impide la pérdida del legado de la demanda.

El 20 de agosto de 2025, la peticionaria compareció nuevamente ante nos mediante una *"Moción en Auxilio de Jurisdicción al Amparo de la Regla 79."* En esencia, nos solicitó que paralizáramos el transcurso de los procesos ante el foro recurrido para que en consecuencia quedara sin efecto la vista en su fondo a celebrarse el día 26 de agosto de 2025. Amparó su petición en los aducidos errores incurridos por dicho foro al adjudicar la *"Solicitud de Sentencia Sumaria."*

En la misma fecha, este Tribunal declaró *No Ha Lugar* la "*Moción en Auxilio de Jurisdicción al Amparo de la Regla 79."* En el mismo escrito, notificamos que procederíamos a disponer del auto de *certiorari* presentado. Así pues, procedemos a esbozar el marco jurídico aplicable al asunto que hoy nos ocupa.

**II.**

**Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto.

Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

La peticionaria recurre de una resolución interlocutoria a través de la cual el foro recurrido denegó de plano su *"Solicitud de Sentencia Sumaria."* En desacuerdo con dicha adjudicación, recurre a este Foro para que intervengamos en los méritos de la cuestión en litigio. Luego de evaluar de *novo* la totalidad del expediente ante nuestra consideración, determinamos *denegar* el recurso presentado.

Es norma conocida que los foros apelativos estamos en la misma posición que el tribunal de primera instancia al evaluar la procedencia de una

solicitud de sentencia sumaria. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3. En la ejecución de dicho examen nuestra función se limita a lo siguiente: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78. Así pues, los tribunales revisores debemos realizar una evaluación del expediente de *novo* de la manera mas favorable a la parte que se opone a la petición de sentencia sumaria. *Jiménez Soto y otros v. Carolina Catering Corp. y otros*, supra.

Tras cumplir con el requerido examen de *novo*, concluimos que el recurso de *certiorari* de epígrafe no reúne los requisitos necesarios para inclinar nuestra facultad discrecional a su expedición. No contemplamos que en la determinación recurrida obren vicios de prejuicio, parcialidad o error de derecho. Ante ello, declinamos entrar en los méritos de la cuestión en litigio. Así pues, a tenor de la autoridad que nos confiere la Regla 40, *supra*, *denegamos* la expedición del auto de *certiorari* presentado.

**IV.**

Por los fundamentos expuestos, *denegamos* la *expedición* del recurso de epígrafe.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones